|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| UNILOC 2017 LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>HTC AMERICA INC,<br><br>              Defendant(s). | CASE NO. C18-1730BJR<br><br>STANDING ORDER FOR PATENT CASES |

The following Order applies to all patent infringement cases assigned to Judge Barbara J. Rothstein.

Unless another time schedule is necessitated by information provided in the Joint Status Report ("JSR"), a Claim Construction Hearing ("Hearing") will be held approximately 180 days (6 months) from the time of issuance of the Court's Order Setting Trial Date and Related Dates (the "Scheduling Order"). The Scheduling Order will establish deadlines for the standard actions preceding the Markman hearing.

PLEASE NOTE: With the exception of Rule 12 motions, the Court will not rule on dispositive motions that raise issues of claim construction prior to the Hearing, unless special circumstances warrant and leave of Court is obtained in advance of filing.

**Asserted Claims and Preliminary Infringement Contentions**

A party claiming patent infringement will serve on all parties a statement of the Asserted Claims and Preliminary Infringement Contentions, which will include the following information: (1) the identity of each claim of each patent alleged to be infringed; (2) the identity of the opposing party's accused device/method/etc. by specific name/model number/etc. for each claim asserted; (3) a chart that identifies specifically where each element of each asserted claim is found within each accused device/method/etc.; (4) whether each element is literally or equivalently infringed; and (5) the priority date to which each asserted claim allegedly is entitled, if priority is an issue.

**Preliminary Invalidity Contentions**

A party opposing a claim of infringement on the basis of invalidity shall serve on all parties a statement of its Preliminary Invalidity Contentions including; (1) the identity of prior art that allegedly anticipates each asserted claim or renders it obvious; (2) whether each piece of prior art anticipates or renders obvious the asserted claims; (3) a chart that identifies where in each piece of prior art each element of each asserted claim is found; and (4) any grounds for invalidity based on indefiniteness, enablement, or written description under 35 U.S.C. § 112.

**Expert Reports**

If the parties wish to present expert testimony at the claim construction hearing, the parties will disclose expert reports related to claim construction by the date established in the

Scheduling Order. Rebuttal expert reports will be exchanged 30 days later. These dates do not affect the more general expert report deadlines included in the Scheduling Order.

**Proposed Terms and Claim Elements and Preliminary Claim Chart**

At some point prior to the formulation of the preliminary claim chart, the parties will exchange a list of Proposed Terms and Claim Elements, which will include each term that each party contends the Court should construe. Each party will also identify any claim element that it contends should be governed by 35 U.S.C. § 112(6) as a means-plus-function element. The parties will then meet to identify terms in genuine dispute and facilitate the preparation of the Joint Claim Chart.

The parties will then exchange preliminary proposed constructions for each disputed claim term that the parties have collectively identified. Each party will also provide preliminary identification of any extrinsic evidence, along with a copy of it, as well as a brief description of any witness'' proposed testimony that supports its construction of the claim. The parties will then meet to narrow the issues and finalize the Joint Claim Chart and Prehearing Statement.

**Joint Claim Chart and Prehearing Statement**

All allegations of infringement and invalidity will be filed with the Court in the form of a Prehearing Statement. After that time, the Court will not consider new allegations of infringement or invalidity without the asserting party showing good cause. A Joint Claim Chart will also be filed, in the format provided in the Sample Joint Claim Chart found at the end of this Order. This Chart will include each party's proposed construction of disputed terms, together with specific references to the relevant portions of the specification and the prosecution history, and descriptions of the extrinsic evidence used. The parties will attach to the Joint Claim Chart copies of all patents in dispute, together with the relevant prosecution history. These document

need not be resubmitted upon briefing. The parties will have the complete prosecution history available at the Court's request. In addition, the parties will indicate whether any witnesses are to be called, and if so, their identities. For expert witnesses, the party calling the expert will provide a summary of the opinion to be offered.

The Court expects the terms to be truly in dispute, and further expects that the preparation of the Preliminary and Joint Claim Charts will narrow the terms in dispute. A party is not allowed to propose a construction when the other party is unable to respond without leave of court (e.g., in a Response Brief). If a party must propose a new construction, the Joint Claim Chart must be amended to reflect that change. At the time of the Hearing, the Joint Claim Chart before the Court must reflect the current proposed constructions.

The parties should note that the Court will construe a maximum of 10 claim terms at the initial Markman hearing. Prioritization should be guided by the twin goals of narrowing the issues and choosing the 10 claim terms for which a claim construction would be most productive in terms of setting the groundwork for possible settlement.

**Tutorial and/or Court-Appointed Neutral Expert and Claim Construction Hearing**

The Court or the parties can request that the Court have a tutorial on the subject matter of the patent(s) at issue prior to the Hearing. In those instances, the Court will schedule a tutorial to occur two to four weeks prior to the Hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial, including a summary and explanation of the subject matter at issue. The length of the tutorial will depend upon the subject matter. Visual aids and suggestions for reading materials are encouraged.

Alternatively, depending on the technology involved, the Court may determine that the assistance of a neutral expert would be helpful. In such an instance, the Court may direct the

parties to confer and, if possible, reach an agreement as to three experts in the field that would be appropriate to act as neutral expert to assist the Court during the claim construction proceedings and/or the trial of this matter. The Court will then chose one to appoint as a neutral expert pursuant to Federal Rule of Evidence 706. In such a situation, the parties will split the cost of the expert equally.

The claim construction hearing will be set for one full trial day (5 hours). If more or less time is required, the parties are instructed to inform Ms. Rhonda Miller at 206-370-8518.

The parties are directed to address any specific concerns with the foregoing schedule in their joint status report. Pursuant to Federal Rule of Civil Procedure 16, a schedule set forth in accordance with this order may be modified upon a showing of good cause.

The Clerk is directed to provide copies of this order to all counsel of record.

Dated this 15th day of February, 2019.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

**Sample Joint Claim Chart**

| Claim Language (Disputed Terms in **Bold**) | Plaintiff's Proposed Construction and Evidence in Support | Defendant's Proposed Construction and Evidence in Support |
|---|---|---|
| '123 Patent | | |
| 1. A method for mending **fences** [or] **fences** Found in claim numbers: '123 Patent: y,z "456 Patent: a,b | **fence** Proposed Construction: A structure that keeps things out. Dictionary/Treatise Definitions: Merriam-Webster Dictionary ("a barrier intended to prevent… intrusion"). Intrinsic Evidence: '123 Patent col _;__ ("keeps stray animals out"); Prosecution History at __ ("this method is more effective than the prior art in reinforcing the fence, and therefore in keeping out unwanted intruders"). Extrinsic Evidence: R. Frost Depo. At xx:xx ("Good fences make good neighbors"); '000 Patent at col _:__; Vila Decl. at ¶__. | **fence** Proposed Construction: A structure that keeps things out. Dictionary/Treatise Definitions: Random House Dictionary ("a barrier enclosing or bordering a field, yard, etc. "). Intrinsic Evidence: '123 Patent col _;__ ("keeps young children from leaving the yard"); Prosecution History at __ ("dilapidated fences meant to pen in cattle are particularly amenable to this method"). Extrinsic Evidence: C. Porter Depo. At xx:xx ("Don't fence me in "); '111 Patent at col _:__; Thomas Decl. at ¶__. |

(or similar format that provides side-by-side comparison)