The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNILOC 2017 LLC,<br>Plaintiff,<br>v.<br>HTC AMERICA, INC.,<br>Defendant. | Case No. 2:18-CV-01730-BJR<br>**HTC AMERICA, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

Defendant HTC America, Inc. ("HTCA" or "Defendant"), hereby answers Plaintiff Uniloc 2017 LLC's ("Uniloc") Complaint filed on November 30, 2018 (the "Complaint").

## <u>THE PARTIES</u>

1. HTCA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2. HTCA admits that it is a Washington corporation with an office in Seattle, Washington. HTCA admits that it may be served with process through its registered agent: Cogency Global Inc., 1780 Barnes Blvd. SW, Tumwater, Washington 98512. HTCA denies any remaining allegations of paragraph 2.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

3. HTCA admits that it imports, offers for sale, and sells consumer electronic products to customers in the United States. HTCA denies committing any acts of infringement and denies the remaining allegations of paragraph 3.

**JURISDICTION**

4. HTCA admits that the Complaint purports to state a claim for patent infringement under the patent laws of the United States, but denies committing any acts of infringement. HTCA admits that this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331, 1338(a) provided that the requirements of standing are satisfied.

**COUNT I**

(INFRINGEMENT OF U.S. PATENT NO. 7,020,106)

5. HTCA restates and incorporates by reference its answer to paragraphs 1-4 of the Complaint.

6. HTCA admits that U.S. Patent No. 7,020,106 ("the '106 patent") is titled "RADIO COMMUNICATION SYSTEM" and that the face of the '106 patent states that it issued on March 28, 2006. HTCA admits that a copy of the '106 patent appears to be attached as Exhibit A to the Complaint. HTCA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore denies them.

7. HTCA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. HTCA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. HTCA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. HTCA admits that it imports, offers for sale, and sells in the United States certain electronic devices, including one or more of the devices identified in Exhibit B to the Complaint. HTCA denies the remaining allegations of paragraph 10.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

11. Denied. To the extent the allegations of paragraph 11 are directed to other entities, HTCA lacks sufficient information to admit or deny the allegations of paragraph 11 and therefore denies them.

12. Denied. To the extent the allegations of paragraph 12 are directed to other entities, HTCA lacks sufficient information to admit or deny the allegations of paragraph 12 and therefore denies them.

13. Denied. To the extent the allegations of paragraph 13 are directed to other entities, HTCA lacks sufficient information to admit or deny the allegations of paragraph 13 and therefore denies them.

14. Denied.

15. Denied.

16. Denied. To the extent the allegations of paragraph 16 are directed to other entities, HTCA lacks sufficient information to admit or deny the allegations of paragraph 16 and therefore denies them..

17. Denied. To the extent the allegations of paragraph 17 are directed to other entities, HTCA lacks sufficient information to admit or deny the allegations of paragraph 17 and therefore denies them..

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. HTCA admits having notice of the ’106 patent since at least the service of the Complaint. HTCA denies the remaining allegations of paragraph 25.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

26. Denied.

27. Denied.

28. Denied.

**PRAYER FOR RELIEF**

This paragraph responds to the statement of relief requested by Uniloc to which no response is required. HTCA denies that Uniloc is entitled to any of the requested relief and denies all allegations of infringement.

**DEMAND FOR JURY TRIAL**

This paragraph responds to the trial by jury demanded by Uniloc to which no response is required.

**DEFENSES**

Subject to the responses above, HTCA alleges and asserts the following defenses in response to the allegations, without assuming any burden other than that imposed by operation of law and undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**FIRST DEFENSE**

**(Failure to State a Claim)**

Uniloc fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Non-infringement)**

HTCA does not infringe and has not infringed directly, indirectly, willfully or otherwise any valid, enforceable claim of the ’106 patent, either literally or under the doctrine of equivalents.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

**THIRD DEFENSE**

**(Invalidity)**

The claims of the ’106 patent are invalid under one or more of the provisions in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112 and/or judicial decisions and/or the applicable provisions of Title 37 of the Code of Federal Regulation.

**FOURTH DEFENSE**

**(Prosecution History Estoppel)**

By reason of prior art and/or statements and representations made to the United States Patent and Trademark Office during the prosecution of the application that led to the issuance of the ’106 patent, the ’106 patent is so limited that no claim can be construed as covering any HTCA product. Uniloc’s claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent applications resulting in the ’106 patent. Uniloc is estopped from construing the claims of the ’106 patent in any way to cover any product, method or service of HTCA under the doctrine of equivalents, based on statements, representations and admissions made during prosecution of the patent applications resulting in the ’106 patent.

**FIFTH DEFENSE**

**(Limitation on Damages)**

Some or all of Uniloc’s damages, if any, are limited under 35 U.S.C. §§ 286 and 287.

**SIXTH DEFENSE**

**(Limitation on Costs)**

Uniloc is barred from recovering any claim for costs according to 35 U.S.C. § 288.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

**SEVENTH DEFENSE**

**(License and Exhaustion)**

To the extent Uniloc has licensed or otherwise exhausted its rights and remedies as to products or services that are accused, HTCA is not liable to Uniloc for any alleged acts of infringement related to such products or services.

Uniloc alleges that it "holds all substantial rights, title and interest in [the '106 patent]." *See* Compl. ¶ 6. Based on information and belief, Uniloc acquired any rights it has in the '106 patent ultimately from Koninklijke Philips N.V. ("Philips"), the original assignee of the '106 patent. Philips assigned the rights in the '106 patent to IPG Electronics 503 Limited ("IPG") on January 30, 2009. IPG then assigned the '106 patent to Pendragon Wireless LLC in 2012, who subsequently assigned the patent to Uniloc Luxembourg S.A. ("Uniloc Lux") on January 31, 2018. Uniloc Lux assigned that '106 patent to Uniloc 2017 LLC on May 3, 2018.

The Bluetooth SIG is the standards organization that oversees the development of Bluetooth technology standards and the licensing of the Bluetooth technologies and trademarks to manufacturers. There are several membership levels of the organization, including Promoter, Associate, and Adopter members. On information and belief, Philips was an Associate member of the Bluetooth Special Interest Group ("Bluetooth SIG") prior to January 30, 2009, when Philips assigned away its rights in the '106 patent. As a member of the Bluetooth SIG, each member must agree to the terms of a Bluetooth License Agreement. The Bluetooth License Agreement requires each Associate and Adopter Member to grant to each Promoter Member and Associate and Adopter Member and all of their respective Affiliates a nonexclusive, royalty-free, perpetual, irrevocable, nontransferable, nonsublicenseable, worldwide license under its Necessary Claims (*i.e.*, claims that are necessarily infringed by implementing portions of a Bluetooth Specification).

Uniloc accuses HTCA "electronic devices implementing Bluetooth version 3.0 + HS and above" of directly and indirectly infringing claims 15-17 of the '106 patent. *See* Compl., ¶¶ 10, 20, 23-24. The asserted claims, however, are Necessary Claims under Uniloc's infringement theory



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

because any alleged infringement results merely from implementing the "Bluetooth version 3.0 + HS or higher specification.

On information and belief, under Uniloc's reading of its claims, the asserted claims should also be deemed necessary for the implementation of earlier Bluetooth versions (*e.g.*, Bluetooth 2.1+ EDR (adopted on July 26, 2007)). Accordingly, because Philips has already granted to HTCA a perpetual irrevocable license to its Necessary Claims by virtue of their membership in the Bluetooth SIG prior to January 30, 2009, HTCA is licensed to the asserted claims.

In addition, on information and belief, one or more of the manufacturers or suppliers of any components or sub-system allegedly embodying the claimed inventions of the '106 patent are licensed to practice the claimed inventions, and therefore HTCA is licensed. Alternatively, Uniloc's claims are barred under the doctrine of patent exhaustion.

**EIGHTH DEFENSE**

**(FRAND)**

Uniloc is bound by FRAND obligations related to the '106 patent to offer a license to its FRAND-encumbered patents on fair, reasonable, and non-discriminatory terms and conditions. As a third-party beneficiary to those FRAND obligations, HTCA has the right to be granted a license to the '106 patent on FRAND terms and conditions to the extent any license is required.

**NINTH DEFENSE**

**(No Double Recovery)**

Uniloc's requests for relief are barred or otherwise limited by restrictions on double recovery.

**TENTH DEFENSE**

**(Extraterritoriality)**

Uniloc's claims for patent infringement are precluded in whole or in part to the extent any accused functionality or acts are located or performed outside of the United States.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

**ELEVENTH DEFENSE**

**(Limitation for Sales Covered by 28 U.S.C. § 1498(a))**

To the extent Uniloc may accuse products or services that are provided by or for the government of the United States of America, in accordance with 28 U.S.C. § 1498(a), there is no jurisdiction over those claims outside of the United States Court of Federal Claims.

**TWELFTH DEFENSE**

**(Equitable Defenses)**

Uniloc's claims for relief are barred in whole or in part by equitable doctrines, including, but not limited to, equitable estoppel, waiver, and unclean hands.

**THIRTEENTH DEFENSE**

**(No Exceptional Case)**

HTCA's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**RESERVATION OF RIGHTS**

HTCA has insufficient knowledge or information to form a belief as to whether it may have yet unstated separate and additional defenses available. HTCA reserves the right to amend this Answer to add, delete, or modify defenses based on legal theories which may or will be divulged through clarification of Uniloc's claims, through discovery, or through further legal analysis of Uniloc's claims and positions in this litigation.

**COUNTERCLAIMS**

HTCA, for its Counterclaims against Uniloc and upon information and belief, states as follows:

**THE PARTIES**

1. HTC America, Inc., ("HTCA") is a Washington corporation with a place of business at 308 Occidental Avenue South, Suite 300, Seattle, Washington 98104.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

2. According to its Complaint, Uniloc 2017 LLC ("Uniloc") is a Delaware limited liability company having addresses at 1209 Orange Street, Wilmington, Delaware 19801; 620 Newport Center Drive, Newport Beach, California 92660; and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

## JURISDICTION AND VENUE

3. Subject to HTCA's affirmative defenses and denials, HTCA alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and venue for these Counterclaims is proper in this District to the extent venue is proper in this case. HTCA maintains that there are one or more alternative venues that are clearly more convenient to this case and reserves all rights to seek to transfer this case to a more convenient forum.

4. This Court has personal jurisdiction over Uniloc.

## FACTUAL BACKGROUND

5. In its Complaint, Uniloc purports to hold all substantial rights, title and interest in U.S. Patent No. 7,020,106 ("the '106 patent").

6. In its Complaint, Uniloc asserts that HTCA has infringed the '106 patent.

7. HTCA does not and has not infringed directly, indirectly, or willfully any valid, enforceable claim of the '106 patent, either literally or under the doctrine of equivalents.

8. The claims of the '106 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

9. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '106 patent.


Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

**COUNT ONE**

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,020,106**

10. HTCA restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between HTCA and Uniloc as to whether the ’106 patent is not infringed by HTCA.

12. A judicial declaration is necessary and appropriate so that HTCA may ascertain its rights regarding the ’106 patent.

13. HTCA has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the ’106 patent, either literally or under the doctrine of equivalents.

14. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Uniloc filed its Complaint with knowledge of the facts stated in this Counterclaim.

**COUNT TWO**

**Declaratory Judgment of Invalidity of U.S. Patent No. 7,020,106**

15. HTCA restates and incorporates by reference its allegations in paragraphs 1 through 14 of its Counterclaims.

16. An actual case or controversy exists between HTCA and Uniloc as to whether the ’106 patent is invalid.

17. A judicial declaration is necessary and appropriate so that HTCA may ascertain its rights as to whether the ’106 patent is invalid.

18. The ’106 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 et seq., including §§ 101, 102, 103, and 112.

19. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Uniloc filed its Complaint with knowledge of the facts stated in this Counterclaim.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

## PRAYER FOR RELIEF

WHEREFORE, HTCA prays for judgment as follows:

A. A judgment dismissing Uniloc's Complaint against HTCA with prejudice;

B. A judgment in favor of HTCA on all of its Counterclaims;

C. A declaration that HTCA has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '106 patent;

D. A declaration that the claims of the '106 patent are invalid;

E. A declaration that this case is exceptional and an award to HTCA of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

F. A judgment limiting or barring Uniloc's ability to enforce the '106 patent in equity; and

G. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, HTCA respectfully demands a jury trial of all issues triable to a jury in this action.



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888

Dated: March 18, 2019

Respectfully submitted,

**YARMUTH LLP**

By: */s/ Molly A. Terwilliger*
Molly A. Terwilliger, WSBA No. 28449
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 516-3800
Fax: (206) 516-3888
mterwilliger@yarmuth.com

**VINSON & ELKINS LLP**

By: */s/ Fred I. Williams*
Fred I. Williams *(pro hac vice)*
Mario A. Apreotesi *(pro hac vice)*
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Telephone: (512) 542-8400
Fax: (512) 542-8612
mapreotesi@velaw.com
fwilliams@velaw.com

Todd E. Landis *(pro hac vice)*
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
Telephone: (214) 220-7700
Fax: (214) 220-7716
tlandis@velaw.com

*Attorneys for Defendant HTC America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served on March 18, 2019, with a copy of the foregoing document via the Court's CM/ECF system pursuant to Local Rules W.D. Wash. LCV-5.

*/s/ Fred I. Williams*
Fred I. Williams



Yarmuth LLP
1420 Fifth Avenue, Suite 1400
Seattle, Washington 98101
phone 206.516.3800 fax 206.516.3888